# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES KENDALL,**

        **Plaintiff,**

**v.**                              Case No: 6:16-cv-1896-Orl-28DCI

**WP ENTERPRISES OF FLORIDA, LLC**
**and WILLIAM PERRETTI, JR.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 26)**
>
> **FILED:**      **October 24, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On October 31, 2016, Plaintiff filed a Complaint against Defendants alleging a cause of action for alleged violations of the overtime provisions of the Fair Labor Standards Act (the FLSA). Doc. 1. On January 23, 2017, Defendants filed their Answer and Affirmative Defenses. Doc. 15. On March 9, 2017, Plaintiff filed his response to the Court's interrogatories. Docs. 19; 19-1. Therein, Plaintiff alleged that Defendants owed him approximately $3,949.46 in overtime and liquidated damages. Doc. 19-1 at 2.

On October 24, 2017, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement). Docs. 26; 26-1. The Agreement provides that Defendant will pay Plaintiff $8,000.00 to settle Plaintiff's FLSA claims: $2,000.00 in unpaid overtime, $2,000.00 in liquidated damages, and $4,000.00 in attorney fees. Docs. 26 at 3, 26-1 at 2. The parties request that the Court approve the Agreement and dismiss the case with prejudice. Doc. 26 at 4.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.     ANALYSIS

**A. Settlement Amount.**

The parties were represented by counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 15; 26; 26-1. In their Motion and the Agreement, the parties represented the following: that the parties conducted discovery and engaged in detailed settlement discussions; that the parties evaluated their probability of success on the merits; that the parties chose to settle to avoid further cost and expense of litigation; that there was no fraud or collusion; and that the settlement reflects a fair and reasonable compromise of the disputed issues.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Docs. 26 at 2-3; 26-1 at 3. The undersigned further notes that this case had been ongoing for approximately one year before the parties filed the Motion, and that Plaintiff alleged in his responses to the Court's interrogatories that Defendants owed him approximately $3,949.46 in overtime and liquidated damages. *See* Docs. 1; 19-1 at 3; 26.

Based upon the foregoing, the undersigned finds that $4,000.00, not including attorney fees and costs, is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $4,000.00 as attorney fees and costs. Docs. 26 at 3; 26-1 at 2. The parties represented that they "negotiated this amount separately from Plaintiff's recovery so as not to impact Plaintiff's recovery." Doc. 26 at 3. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 26) be **GRANTED** as follows:

1. The Agreement (Doc. 26-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;
2. The case be **DISMISSED with prejudice**; and
3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 20, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy